BENNION, Commissioner of Agriculture, v. BURGON et al.,
Board of County Com'rs.

No. 4280.   Decided June 10, 1925.   (238 P. 236.)

TAXATION—COUNTY COMMISSIONERS PROPERLY REFUSED TO LEVY
TAX WHICH WOULD HAVE RENDERED RATE IN EXCESS OF THAT
PERMITTED BY CONSTITUTION.   In proceedings to compel county
commissioners to levy and collect tax for agriculture inspection
fund provided for by Laws 1925, c. 118, *held*, levy was properly
refused when it would have rendered rate of taxation on prop-
erty for state purposes in excess of that permitted by Const.
art. 13, §§ 7, 9, as amended in 1921.

Original mandamus by Harden Bennion, as Commissioner
of Agriculture of Utah, to compel E. L. Burgon and others,
constituting board of County Commissioners of Salt Lake
County, to levy and collect certain tax.

WRIT DENIED.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson* and
*L. A. Miner*, Asst. Attys. Gen., for plaintiff.

*Arthur E. Moreton*, Co. Atty., and *Geo. M. Cannon*, Jr.,
Asst. Co. Atty., both of Salt Lake City, for defendants.

STRAUP, J.

In March, 1925, the Legislature passed an act (chapter 118,
Laws of Utah 1925), known as a "Tax for Agricultural In-
spection Fund."   It, among other things, provides that:

"The board of county commissioners of each county in the state
of Utah shall levy at the time of the annual levy of taxes, a tax
on all assessable property in each county of one-twelfth of a mill
on the dollar to be used for agricultural and other inspection pur-
poses, said tax to be collected at the same time and in the same
manner as other taxes."

It further provides that the tax collected shall be trans-
mitted by the county treasurer in each county to the state

Headnote 1.   37 Cyc. p. 969.

treasurer, who shall keep the same in a separate fund known as "state agricultural fund." The commissioners of Salt Lake county, upon demand, refused to levy the tax, on the ground, among others, that to levy and collect it rendered the rate of taxation on property for state purposes in excess of that permitted by the Constitution. Article 13, §§ 7 and 9, as amended 1921. Thereupon the commissioner of agriculture applied to this court for a writ of mandate to compel the county commissioners to levy and collect the tax.

The parties stipulated these facts:

"That the limit of state taxes for general purposes fixed by law [the Constitution] is 2.4 mills; that the estimated state revenue for the state of Utah for the year 1925 from all sources as determined by the state auditor is $3,758,802.47; that the total amount of the appropriations made by the Legislature of the state of Utah of 1925, for the year 1925, is $4,393,756.48; that it is necessary to levy a state tax of 2.4 mills for 1925 in order to produce sufficient revenue as an ad valorem tax, which, when added to state revenue from all other sources will equal an amount sufficient to care for the appropriations made by the Legislature of 1925; that the state auditor, in calculating his estimated revenues, which was given to the state Legislature for 1925, figured on a levy of a state tax of 2.4 mills; that the Legislature of the state of Utah of 1925 in making its appropriations followed the state auditor's recommendations, and based the appropriations on a state tax levy of 2.4 mills; that the state board of equalization of Utah will levy for the year 1925 a state tax of 2.4 mills; that the state board of agriculture will spend the money raised by the levy of the tax provided for by chapter 118, Sessions Laws of Utah 1925, in such counties as it may deem advisable for agricultural inspection purposes."

The stipulation shows that the tax to be levied and collected is for state purposes. It also shows that the calculations of needed revenues and the appropriations made for state purposes for the year 1925 were based on the rate of taxation to the full limit permitted by the Constitution, and that the state board of equalization itself, for such purposes, will levy a tax rate up to such limit. If, therefore, the county commissioners shall be required to levy the demanded tax, the tax rate permitted by the Constitution will be exceeded. It thus follows that the county commissioners were justified

in refusing to make the levy, and that the writ applied for should be denied. Such is the order.

Whether it is competent for the Legislature to provide for a tax as here if when levied and collected the tax will not exceed the tax rate for state purposes as permitted by the Constitution, we express no opinion. Further, the tax levied by the state board of equalization has not as yet been fully made. But the parties asserted that the state board of equalization will make such full levy, and requested us to consider and determine the application for the writ as though such levy by the board had now been made. We so considered the application.

GIDEON, P. J., and THURMAN, FRICK, and CHERRY, JJ., concur.